# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TREENA CLEABORN, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-3043-STA-tmp |
| YOUTH VILLAGES, | ) |
| Defendant. | ) |

## ORDER ON SERVICE OF PROCESS

Before the Court is Defendant Youth Villages' Motion to Dismiss (D.E. # 18) filed on June 7, 2012. Plaintiff Treena Cleaborn has responded in opposition to Defendant's Motion. For the reasons set forth below, Plaintiff is granted fourteen (14) days from the entry of this order in which to serve Defendant and file a proper return of the executed summons on the docket. Failure to do will result in the dismissal of Plaintiff's Complaint.

## BACKGROUND

Plaintiff filed her initial Complaint *pro se* on November 23, 2011, alleging violations of Title VII and the Fair Labor Standards Act, defamation, and workers compensation retaliation. (*See* Compl., D.E. # 1.) The only Defendant named in the Complaint is "Youth Villages." Summons was issued to Plaintiff on January 11, 2012, naming as Defendant "Youth Villages" at 3320 Brother Blvd., Memphis, TN 38133 (D.E. # 6). Plaintiff then caused an alias summons to be issued on March 1, 2012, naming as Defendant "Youth Villages, Inc., Patrick Lawler" at 3320 Brother Blvd.,

1

Memphis, TN 38133 (D.E. # 10).[1]  Patrick Lawler is not named in the Complaint and is otherwise not a party to this action.  On March 5, 2012, Plaintiff filed a return of the executed alias summons (D.E. # 15), showing that on March 2, 2012, Plaintiff had served process on an individual named Marian Drewery on behalf of "Youth Villages, Inc., Patrick Lawler."

Thereafter on April 23, 2012, the Court entered an order denying Plaintiff's motions for appointment of counsel and setting forth Plaintiff's obligations to ensure that proper service was accomplished on Defendant (D.E. # 16).  The Court directed the Clerk to record Defendant as "Youth Villages."  The Court made no findings concerning the service Plaintiff had already undertaken before the entry of the Court's order.  Thereafter, on May 29, 2012, Plaintiff re-filed her return of the executed alias summons, a document which appears to be the same document she had filed on March 5, 2012, and which shows that Plaintiff's process server served the Complaint on Marian Drewery on March 2, 2012 (D.E. # 17).

In its Motion to Dismiss, Defendant Youth Villages seeks dismissal of Plaintiff's suit based on defects in the service of process.[2]  Defendant, a not-for-profit corporation, contends that Plaintiff failed to comply with Rule 4's requirements for proper service of the Complaint.  According to Defendant, Plaintiff initially attempted to serve process in January 2012 on Stephanie Drewery, an employee in Defendant's human resources department but not an individual authorized to accept

---

[1] Although Plaintiff never filed returns of the executed summons issued on January 11, Defendant filed a motion to dismiss (D.E. # 7, 8), challenging the sufficiency of the process and the sufficiency of the service of process.  Due to the fact that Plaintiff had an alias summons issued and made a second attempt at service, the Court finds Defendant's first motion to dismiss to be moot.  Therefore, the motion is **DENIED**.

[2] Although Defendant's memorandum never refers to the Federal Rules of Civil Procedure, Defendant's Motion is brought pursuant to Rule 12(b)(5).

2

service of process on behalf of Defendant.³  Plaintiff then filed the return of the alias summons, indicating that process designated for "Youth Village, Inc. Patrick Lawler" was served on March 2, 2012, on Marian Drewery.⁴  Defendant states that only Patrick Lawler is authorized to accept service of process on behalf of Youth Villages, Inc.  Defendant has not authorized Marian Drewery to accept service, nor is she an officer, managing agent, or general agent of Defendant.  Defendant claims that Marian Drewery is an administrative assistant, though Defendant has not attached any evidence in support of this fact.  Under the circumstances, Defendant argues that Plaintiff's service of process was insufficient.⁵

Subsequent to the filing of Defendant's Motion to Dismiss, Plaintiff retained counsel who filed a notice of appearance (D.E. # 19) and a response in opposition to Defendant's Motion (D.E. # 20).  Plaintiff does not dispute that Patrick Lawler is Defendant's authorized agent for service of process or that Plaintiff's private process server served the Complaint on Marian Drewery.  Plaintiff argues that "Ms. Drewery may have held herself out as the authorized agent for service of process"

---

³ The Court notes that no return of executed summons from this attempt to serve was ever filed on the docket.

⁴ It is not clear to the Court whether Stephanie Drewery and Marian Drewery are the same person or different employees of Defendant.  In any event, Defendant maintains that neither person is authorized to accept service for Defendant.

⁵ Defendant also argues that Plaintiff has failed to serve the Complaint within 120 days of filing suit.  As such, dismissal under Rule 4(m) is required.  The Court would simply point out that its April 23, 2012 order stated that 120-day time limit for service would commence upon entry of the order.  *See* Order Denying Motions for Appointment of Counsel, 3.  Plaintiff originally filed suit on November 23, 2011, and so the 120-day time limit technically ran in March 2012.  Nevertheless, the Court's order controls the time limit for affecting service of process in this case. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must . . . order that service be made within a specified time.").  Therefore, the Court finds Defendant's argument on this point to be without merit.

3

and that Plaintiff's process server "may have been mislead (sic) about the authority of Marian Drewery" to accept service of process. (Pl.'s Resp. in Opp'n 2-3.) Plaintiff submits no proof in support of these contentions but does request an opportunity to conduct discovery on the matter. Plaintiff argues that under Tennessee law, an authorized agent for service of process may in turn authorize others to assist in accepting service of process. Plaintiff speculates that discovery may reveal that Patrick Lawler had authorized Ms. Drewery to accept service on his behalf. In the alternative, Plaintiff requests additional time to perfect service of process and cites the fact that she now has counsel to assist her in perfecting service.

## **ANALYSIS**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to assert the defense of insufficient service of process by motion before filing a responsive pleading.[6] Federal Rule of Civil Procedure 4 governs the sufficiency of service of process. Specifically, Rule 4(h) authorizes service on a corporation such as Defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."[7] In the alternative, Rule 4(h) authorizes service on a corporation by any means prescribed in Rule 4(e)(1), which includes means provided under state law for serving a summons.[8] Under state law, Tennessee Rule of Civil Procedure 4.04(4) states that service on a corporation may be accomplished by personally serving a defendant's chief agent in the county where the action is brought or by certified mail on the defendant's chief agent in the county

---

[6] Fed. R. Civ. P. 12(b)(5).

[7] Fed. R. Civ. P. 4(h)(1)(B).

[8] Fed. R. Civ. P. 4(h)(1)(A).

4

where the action is brought.[9]

Applying these principles to the facts presented here, the Court holds that Plaintiff has yet to perfect service in this case through any means authorized under the Federal Rules of Civil Procedure. It is undisputed that on two occasions Plaintiff has attempted to serve Defendant at 3320 Brother Blvd., Memphis, Tennessee. Plaintiff has not shown that her attempts at service were directed to "an officer" or "a managing or general agent," as Rule 4(h) allows. Nor has Plaintiff shown that she was attempting to serve Defendant's "chief agent in the county where the action is brought," as Tennessee Rule of Civil Procedure 4.04(4) provides. Rather, Plaintiff has attempted to serve Patrick Lawler, Defendant's authorized agent for service of process. Thus, in order to perfect service on Defendant through Mr. Lawler, Plaintiff must comply with Rule 4(h)(1)(B) and serve Lawler "by delivering a copy of the summons and of the complaint" to him or any other authorized agent. The parties agree that Plaintiff has not served Lawler, and Plaintiff simply speculates that the person who did accept service was authorized to do so. Plaintiff has not attached any proof to support this conjecture. Therefore, the Court concludes that Plaintiff has failed to serve the Defendant corporation in any manner that complies with Rule 4.

Based on the defects in Plaintiff's service of process, Defendant is entitled to have the summons quashed pursuant to Rule 12(b)(5). However, the Court notes that Plaintiff was given 120 days from the entry of the Court's April 23, 2012 order in which to serve Defendant, making the current deadline for service August 22, 2012. In other words, the time for service had not expired at the time Defendant filed its Motion to Dismiss, and the Court retains discretion to extend the time

---

[9] Tenn. R. Civ. P. 4.04(4).

for service.[10]  Plaintiff seeks any opportunity to conduct discovery on whether Marian Drewery misrepresented to the process server that she was authorized by Mr. Lawler to accept service on his behalf.  The Court finds that such a procedure would be inefficient and unnecessarily consume attorney time and judicial resources.  The Court finds that the better course is to have Plaintiff comply with Rule 4 and serve Defendant in a proper manner.  Therefore, Plaintiff is ordered to (1) cause a new summons to be issued to Youth Villages; and (2) serve the summons on Defendant by one of the means listed in Federal Rule of Civil Procedure 4(h)(1).  Plaintiff must serve Defendant and pursuant to Rule 4(l) file a returned executed summons on the docket within fourteen (14) days of the entry of this Order.  Failure to complete service and file the proper return will result in the dismissal of Plaintiff's case without further notice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 24, 2012.

---

[10] Fed. R. Civ. P. 4(m).